# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LESLIE GUY WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

NO. C19-0871RSL

ORDER DISMISSING HABEAS PETITION

This matter comes before the Court on Leslie Guy Wilson's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct" his sentence. Dkt. # 1. Mr. Wilson's address changed during the course of this proceedings: the Court forwarded the government's response to the petition to his new address and renoted the petition for consideration on Friday, October 18, 2019. No reply was filed.

Petitioner pled guilty to an escape charge in July 2013 and was sentenced to 60 months of imprisonment. He appealed the sentence. The Ninth Circuit affirmed, and the mandate issued on July 14, 2014. Mr. Wilson did not seek further review. Almost five years later, Mr. Wilson filed this petition, arguing that evidence related to his escape was staged, his attorney failed to include a sentencing range of 6-11 months in the plea deal, he was forced to escape because his life was threatened at the halfway house, and he has been incorrectly identified as "high custody" or a "bad person."

ORDER DISMISSING HABEAS PETITION - 1

The petition must be dismissed as untimely. Pursuant to 28 U.S.C. § 2255(f)(1), a habeas petition generally must be brought within one year of the date on which the judgment became final. Mr. Wilson filed this petition in June 2019, almost five years after the Ninth Circuit issued its mandate. Even if one were to assume that Mr. Wilson's first ground for relief is timely under 28 U.S.C. § 2255(f)(4) because he only recently learned that the ankle bracelet pictured in a photo utilized by the government was not the one he took off in order to effectuate his escape, habeas relief is still unavailable. In order to vacate or set aside his sentence, Mr. Wilson must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mr. Wilson admitted that he walked away from the halfway house knowingly, voluntarily, and without permission: the sentence was based on the admitted facts and petitioner's history with the criminal justice system, regardless of whose ankle bracelet is depicted in the photo.

For all of the foregoing reasons, the § 2255 petition is hereby DISMISSED. The Clerk of Court is directed to enter judgment in favor of respondent and against petitioner.

Dated this 30th day of October, 2019.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING HABEAS PETITION - 2